MORITZ, Circuit Judge,
concurring.
I agree with the majority’s conclusion that Dr. Phillips has failed to demonstrate the district court abused its discretion in denying his motion to amend the pretrial order. But I write separately to emphasize my view that this issue presents a very close call under the circumstances of this case.
We have held that four primary factors should be considered in determining whether a district court has abused its discretion in denying a motion to amend the pretrial order. See Koch v. Koch Indus., Inc., 203 F.3d 1202, 1222 (10th Cir.2000) (listing four factors as (1) prejudice or surprise to opposing party; (2) ability of the opposing party to cure the prejudice; (3) potential disruption of trial; and (4) any bad faith of moving party); Moss v. Feldmeyer, 979 F.2d 1454, 1459 (10th Cir.1992) (applying same factors).
Here, without separately considering these factors, the majority concludes the district court properly exercised its discretion in refusing to permit Dr. Phillips to amend the pretrial order. While our precedent doesn’t compel rote application of these factors in every case, their application here reveals the outcome of this appeal isn’t as one-sided as the majority implies.
For good reason, the first two factors focus on the impact of the amendment on the party opposing the motion. Yet the majority heavily focuses not on the prejudice to the plaintiff but the lack of surprise *855 to Dr. Phillips. I would consider the “lack of surprise” factor as it applies to the party opposing the motion to amend, the plaintiff, in this case.
Here, the plaintiff maintained throughout discovery and in the proposed pretrial order that multiple defendants caused Mr. Shatwell’s injuries. But the plaintiff then chose to enter into an “eve of trial” settlement with fewer than all defendants. As the majority recognizes, that partial settlement likely did not come as a surprise to Dr. Phillips “in an age when virtually all cases settle in part or in whole, many on the eve of trial.” Maj. Op. at 851-52. But just as the partial settlement shouldn’t have surprised Dr. Phillips, the plaintiff shouldn’t have been surprised when Dr. Phillips reacted to the last-minute, partial settlement by seeking to compare the negligence of the settling defendants.
Moreover, our case law directs us to consider “prejudice” to the opposing party and the ability to cure that prejudice. Here, in seeking to amend the pretrial order, Dr. Phillips primarily sought to designate the plaintiffs lead expert witness, Dr. Huffman, as his own witness. Specifically, Dr. Phillips intended to elicit Dr. Huffman’s opinions, as stated in his expert report and deposition, about the negligence of two settling codefendants.
Clearly, since the plaintiff planned to prove the negligence of each defendant with Dr. Huffman’s opinion testimony, the plaintiff was fully aware of the substance of Dr. Huffman’s report and deposition regarding the negligence of the settling defendants. Notably, when Dr. Phillips repeatedly made these points at the hearing on the motion to amend, the plaintiff did not suggest otherwise. Under these circumstances, the plaintiffs claims of prejudice ring hollow. See, e.g., Moss,. 979 F.2d at 1458-59 (rejecting plaintiffs claim she was unfairly surprised by district court’s decision to allow defendant to add one expert witness and expand upon testimony of another; noting both experts were designated as witnesses in pretrial order, plaintiff received summaries of both doctors’ reports before they testified, and plaintiff had opportunity to depose both experts before trial).
Likewise, the trial had not yet begun when Dr. Phillips sought to amend the pretrial order. See Davey v. Lockheed Martin Corp., 301 F.3d 1204, 1212 (10th Cir.2002) (stating, “[I]f the motion to amend is made prior to trial, no disruption of an ongoing trial is threatened.” (emphasis in original)). Most significantly, Dr. Phillips did not seek any additional discovery and even the plaintiff does not suggest Dr. Phillips’ proposed amendments would have necessitated additional discovery. Thus, contrary to the majority’s conclusion, amendment of the pretrial order would not have significantly disrupted the order and efficiency of the trial. See Moss, 979 F.2d at 1459 (noting lack of disruption when expert reports available to plaintiff before experts testified).
Finally, although the district court did not find that Dr. Phillips acted in bad faith in seeking amendment of the pretrial order, the majority suggests Dr. Phillips acted in bad faith when he failed to anticipate the plaintiffs post-pretrial order settlement and cross-designate Dr. Huffman as a witness in the pretrial order. Admittedly, nothing prevented Dr. Phillips from cross-designating Dr. Huffman in anticipation that other defendants would settle. However, his failure to do so simply doesn’t constitute bad faith.
Thus, consideration of the relevant factors demonstrates that the district court could just as easily have exercised its discretion to permit Dr. Phillips to amend the pretrial order. The majority appears to recognize as much, concluding, “It may be that the district court could have allowed Dr. Phillips to rejigger his defense at the *856 last minute and afforded the plaintiff more time to prepare for it.” Maj. Op. at 853. Nevertheless, large portions of the majority opinion imply the only reasonable course was to deny the motion.
Our review of a denial of a motion to amend a pretrial order requires a case-specific, fact-specific inquiry. So while the majority warns defense counsel to “beware” the dangers of presenting a united defense in multi-defendant litigation, Maj. Op. at 853, litigants on both sides should also know that settling on the eve of trial could contribute to a finding of “manifest injustice” permitting amendment of the pretrial order under Rule 16(e). Nevertheless, in light of Dr. Phillips’ double burden to demonstrate manifest injustice below and an abuse of discretion on appeal, I agree Rule 16(e) did not mandate that the district court grant the motion in this case. Consequently, I concur with the majority’s conclusion that the district court did not abuse its discretion in denying the motion to amend the pretrial order.